05-3270-ag
Butt v. Gonzales

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

------------

August Term 2006

Submitted: May 8, 2007          Decided: August 23, 2007
Last supplemental brief filed: July 30, 2007

Docket No. 05-3270-ag

-----------------------------------------------------X

MUHAMMAD BUTT,

                         Petitioner,

          - against -

ALBERTO GONZALES, United States Attorney General,

                         Respondent.

-----------------------------------------------------X

     Before:   FEINBERG, CALABRESI, and WESLEY, Circuit Judges.

     Petitioner, who intends to seek adjustment of status if and when an employment-based immigrant visa becomes available to him, seeks review of a decision of the Board of Immigration Appeals affirming a decision of the Immigration Judge denying petitioner's request for a continuance while his employer's application for a labor certification was pending. We grant the petition, vacate the BIA's decision, and remand the case for the BIA to consider antecedent questions regarding petitioner's eligibility for adjustment of status.

               LARISA TENBERG (Christina L. Harding, on the brief), Gallagher, Malloy & Georges, P.C., Philadelphia, PA, for Petitioner.

               LAURA MCMULLEN FORD, Special Assistant United States Attorney, (Gregory A. White, United States Attorney, on the brief), United

States Attorney's Office for the Northern District of Ohio, for Respondent.

FEINBERG, Circuit Judge:

Petitioner Muhammad Butt, who intends to seek adjustment of status if and when an employment-based immigrant visa becomes available to him, seeks review of a June 9, 2005, decision of the Board of Immigration Appeals ("BIA") affirming a January 9, 2004, decision of the Immigration Judge ("IJ") denying Butt's application for a continuance of his removal proceeding and ordering him removed. Butt argues that the IJ abused her discretion in denying the continuance while his employer's application for a labor certification, which must be approved before Butt may seek an employment-based immigrant visa, was pending. But before reaching that issue, we remand the case to the BIA to consider, in the first instance, antecedent questions regarding Butt's eligibility for adjustment of status, the answers to which may bear on any subsequent consideration of whether the IJ abused her discretion in denying the continuance.

I. BACKGROUND

Butt, a native and citizen of Pakistan, entered the United States without inspection in February 2000,[1] and shortly

---

[1] As discussed below, the Government contends in its supplemental brief that Butt may not have been physically present in the U.S. on December 21, 2000. It is unclear whether the Government is thus contending that Butt may not have entered in February 2000. But the Government has conceded that any

-2-

thereafter sought to adjust his status to that of a lawful permanent resident under 8 U.S.C. § 1255. As set forth in more detail below, because Butt entered without inspection, he may apply for adjustment of status only if he is "grandfathered" as the beneficiary of either a timely-filed petition for classification under section 204 of the Immigration & Nationality Act ("INA") or a timely-filed application for a labor certification under section 212(a)(5)(A) of the INA. Furthermore, he must establish that he was physically present here on December 21, 2000. 8 U.S.C. § 1255(i)(1)(C). Then, if grandfathered, he may apply for adjustment of status under id. § 1255(i)(2).

Butt first sought grandfathering and adjustment of status on the basis of a section 204 petition for classification filed by his wife. He married a U.S. citizen on April 6, 2001, and, shortly thereafter, his wife filed a form I-130 petition to classify Butt as an alien relative, and he filed a form I-485 application to adjust status on the ground that his wife had filed the form I-130. Both the I-130 and the I-485 were denied

inconsistency is likely a typographical error, and its responsive brief stated that Butt entered the country in February 2000, as does the Notice to Appear sent to Butt. In any event, except as discussed in Section II.A.1, infra, Butt's date of entry is not relevant to the disposition of this appeal.

-3-

on May 30, 2003, apparently because Butt was a "no show" and thus defaulted. Joint Appendix 58, 61.

The Immigration and Naturalization Service commenced removal proceedings in July 2003. After Butt failed to appear for a hearing, the IJ ordered him removed to Pakistan. Subsequently, Butt moved to reopen the removal proceedings, and the IJ granted the motion. Butt then advised the IJ that he intended to seek adjustment of status on the basis of an employment-based immigrant visa, and that the prerequisite application for a labor certification, filed by Butt's employer on or about December 30, 2003 and accepted for processing on January 7, 2004, was pending.[2] He then requested a continuance of his removal proceedings while the application was pending. The IJ denied the request because "the fact that there is a [pending] labor certification isn't grounds for an adjournment, particularly considering how long labor certifications take and there's no guarantee that they'll be approved." Because Butt did not apply

---

[2] The process through which an alien pursues employment-based adjustment of status is as follows: First, the alien's prospective employer must file an application for a labor certification. If the Department of Labor certifies the application, the alien's prospective employer must then file a Form I-140, Immigrant Petition for Alien Worker, accompanied by the Labor Certification. If the Petition is approved, the alien, who must be residing in the U.S., must file a Form I-485 Application to Register Permanent Residence or Adjust Status. See Lendo v. Gonzales, No. 05-1715, -- F.3d --, 2007 WL 1982038 at *2 (4th Cir. July 10, 2007).

-4-

for and was ineligible for any other form of relief, the IJ found him removable and ordered him removed to Pakistan. As already noted, the BIA affirmed without opinion in June 2005. Butt filed a timely petition for review of that decision.[3]

## II. ANALYSIS

Before us, the parties have principally argued whether it was an abuse of discretion for the IJ to deny a continuance while the application for a labor certification was pending. But we decline to consider that question at this time and instead remand the case to the BIA to consider antecedent questions regarding Butt's eligibility for adjustment of status, the answers to which may bear on any subsequent consideration of whether the IJ abused her discretion in denying the continuance.

As noted above, because Butt entered without inspection, he may apply for adjustment of status only if he is "grandfathered" under 8 U.S.C. § 1255(i)(1). Id. § 1255(i)(1)(A)(i). To be grandfathered, the alien must be the beneficiary of either a petition for classification under section 204 of the INA, id. § 1154, filed on or before April 30, 2001, id. § 1255(i)(1)(B), or an application for a labor certification under section

------

[3] After this matter was fully briefed before us, the Department of Labor granted Butt's labor certification on October 10, 2006. Butt's prospective employer then filed the I-140 petition on October 31, 2006. The record is unclear as to whether Butt thereafter filed an I-485 application.

-5-

212(a)(5)(A) of the INA, id. § 1182(a)(5)(A), filed on or before April 30, 2001, id. § 1255(i)(1)(B). In addition, if the petition or application was filed after January 14, 1998, the alien must have been physically present in the U.S. on December 21, 2000. Id. § 1255(i)(1)(C). Then, once grandfathered, the alien may apply for adjustment of status, which the Attorney General may grant if the alien pays a "fine" filing fee of $1,000, id. § 1255(i)(1), and "(A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed," id. § 1255(i)(2).

We remand to the BIA to consider (A) Whether Butt is grandfathered, viz. (1) whether Butt was physically present in the United States on December 21, 2000, and (2) whether the section 204 petition for classification benefitting Butt was "approvable when filed," as required by 8 C.F.R. § 245.10(a)(1)(i)(A) and (B) if Butt is in fact grandfathered on the basis of the section 204 petition for classification, whether he may then seek adjustment of status under 8 U.S.C. § 1255(i) on the basis of an employment-based immigrant visa?[4]

_____

    [4] By order dated July 11, 2007, we directed the parties to provide supplemental briefing addressing whether we should remand the case to the BIA to address (A)(2) and (B). The last of these briefs was filed on July 30, 2007.

Simply put, if Butt is not grandfathered <u>or</u> if he may not apply for adjustment of status on a basis other than an approved section 204 petition for classification, he is ineligible for adjustment of status. Accordingly, we grant the petition, vacate the BIA's decision, and remand the case to the BIA to consider these questions in the first instance.

A. Whether Butt is "grandfathered" under 8 U.S.C. § 1255(i)(1)?

1. Was Butt physically present in the United States on December 21, 2000?

First, we remand the case to the BIA for a finding on whether Butt was physically present in the U.S. on December 21, 2000. Because the section 204 petition for classification benefitting Butt was filed after January 14, 1998, to be grandfathered, Butt must show that he was physically present in the U.S. on December 21, 2000. 8 U.S.C. § 1255(i)(1)(C). 8 C.F.R. § 245.10(n) clarifies that the alien bears the burden of proof on this question and specifies particular types of evidence that will satisfy it.

In its supplemental brief, the Government argues that Butt has not met his burden because there is no evidence in the record, of the sort sanctioned by 8 C.F.R. § 245.10(n), that establishes his physical presence in the U.S. on December 21, 2000. Furthermore, while the section 204 petition for classification and corresponding adjustment of status application

claim that Butt entered the U.S. on February 14, 2000, and the I-862 Notice to Appear states that he entered the U.S. on or about February 28, 2000, the I-140 employment-based visa petition filed by Butt's employer states that he entered on April 6, 2001 (though the Government concedes that this date, which is the date on which Butt married his wife, is probably a typographical error, see Gov't Supp. Ltr. Br., dated July 18, 2007, at 3-4). Butt does not address this argument in his supplemental submission.

If Butt was not physically present on December 21, 2000, he is not grandfathered, and if he is not grandfathered, he is ineligible for adjustment of status. Because the agency has not made a finding on this question, we remand the case to the BIA to do so (and to remand to the IJ if necessary).

2. Was Butt's section 204 petition for classification "approvable when filed"?

Second, we remand the case to the BIA to determine whether the section 204 petition for classification benefitting Butt was "approvable when filed" within the meaning of 8 C.F.R. § 245.10(a)(1)(i)(A).

As noted, to apply for adjustment of status as an alien who entered the U.S. without inspection, Butt must be "grandfathered" under 8 U.S.C § 1255(i)(1). Butt is the beneficiary of a section 204 petition for classification filed on or before April 30,

2001,[5] and, we assume, for purposes of this discussion, that he was physically present in the U.S. on December 21, 2000. He therefore satisfies the express statutory requirement set forth in 8 U.S.C. § 1255(i)(1).

But the implementing regulations impose additional requirements, including that the petition or application be "approvable when filed":

> Grandfathered alien means an alien who is the beneficiary ... of:
> (A) A petition for classification under section 204 of the Act which was properly filed with the Attorney General on or before April 30, 2001, and which was approvable when filed

8 C.F.R. § 245.10(a)(1)(i) (emphasis added); see also id. 245.10(i). "Approvable when filed" is defined as follows:

> [A]s of the date of the filing of the qualifying immigrant visa petition under section 204 of the Act or qualifying application for labor certification, the qualifying petition or application was properly filed, meritorious in fact, and non-frivolous ("frivolous" being defined herein as patently without substance). This determination will be made based on the circumstances that existed at the time the qualifying petition or application was filed.

8 C.F.R. § 245.10(a)(3) (emphasis added).

The parties did not initially address whether Butt's petition was "approvable when filed." Accordingly, as noted above, we solicited their views as to whether we should remand

---

[5] Because Butt's application for a labor certification was not filed until December 2003, after the April 30, 2001, deadline imposed by 8 U.S.C. § 1255(i)(1)(B), he is not eligible for grandfathering on that basis.

the case to the BIA to consider, in the first instance, whether Butt has satisfied this requirement.  In response, Butt, citing a U.S. Citizenship and Immigration Services ("USCIS") Interoffice Memorandum, dated March 9, 2005 ("USCIS Memorandum"), argued that an application is to be deemed "approvable when filed" absent evidence of fraud, and there is no such evidence in the record.[6] The Government, on the other hand, argues that an application is only "approvable when filed" if it is actually meritorious, and because Butt defaulted on his application, and did not appeal that determination, it is impossible to determine whether it was "approvable when filed."[7]

---

[6] Specifically, Butt, while arguing in passing that his application was "meritorious and non-frivolous" and that he submitted "clear and convincing" evidence showing that the marriage was bona fide, principally relies on the USCIS Memorandum, which states that "[a]bsent evidence of fraud, when a qualifying application for labor certification . . . is properly filed and accepted by the United States Department of Labor in accordance with 20 CFR 656.21, USCIS will consider the requirements of 8 CFR 245.10 related to 'properly filed' and 'approvable when filed' to have been met for grandfathering purposes under section 245(i)."  Because there is no evidence of fraud, Butt argues, his application was "approvable when filed."

[7] The Government notes that because Butt defaulted and did not appeal, there was no determination concerning the merit of his petition.  Furthermore, neither Butt nor his wife submitted an affidavit of marriage or other documentation suggesting the marriage was bona fide.  The Government argues further that Butt's reliance on the USCIS Memorandum is misplaced for two reasons. First, the Memorandum states that it "is intended solely for the training and guidance of USCIS personnel in performing their duties relative to the adjudication of applications for adjustment of status. . . . [and] is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law

-10-

We decline to resolve this disagreement without the benefit of the BIA's views. The meaning of "approvable when filed" is ambiguous, especially as applied to the facts here presented.[8] For example, an application may be "approvable when filed" if, as the Government urges, it is meritorious and therefore should be granted based on the facts existing at the time of filing. Under the regulations, an application is "approvable when filed" if it is "meritorious in fact," which is perhaps most naturally read as requiring that, based on the facts as they exist at the time of filing, the application should be granted. See supra page 9, quoting 8 C.F.R. § 245.10(a)(3); see also, e.g., Lasprilla v. Ashcroft, 365 F.3d 98, 100-01 (1st Cir. 2004) (holding that application was not "approvable when filed" because petitioner "had two opportunities -- in his motion to reopen and in his motion to reconsider -- to present a sufficient showing that he was within the exception and thus that the visa application was 'approvable when filed,'" and failed to do so). But it may also be the case that an application is "approvable when filed" if, as

---

. . . by any individual or other party in removal proceedings, in litigation with the United States, or in any other form or manner." Second, the section on which Butt relies concerns applications for labor certification, not petitions for classification.

[8] The Government, in its supplemental submission, concedes that "the record is unclear whether the spousal visa petition filed on Butt's behalf was approvable when filed." Gov't Supp. Ltr. Br., dated July 18, 2007, at 1.

-11-

Butt urges, there is no evidence of fraud, if the application states a prima facie case for eligibility, or something else altogether. Indeed, the regulations require, in the very same sentence requiring that the application be "meritorious in fact," that it be "non-frivolous," which would be a redundant requirement if the application must be meritorious as the Government defines that term. See supra page 9, quoting 8 C.F.R. § 245.10(a)(3).

Furthermore, in light of whatever definition of "approvable when filed" the BIA adopts, was Butt's application, which was denied when Butt failed to appear, "approvable when filed"? That is, when a petitioner defaults on his application, as Butt did, and does not appeal that determination, how are we to determine whether the application was "approvable when filed"?

Given these ambiguities concerning whether Butt's petition was "approvable when filed" -- a question that is potentially dispositive of this petition -- we remand to give the BIA an opportunity to express its views before we decide the petition.

B.   Whether Butt may seek adjustment of status on the basis of an employment-based immigrant visa when he was grandfathered on the basis of a section 204 petition for classification?

Third, assuming that Butt is grandfathered, we also remand the case to the BIA to determine whether Butt may be grandfathered on the basis of a section 204 petition for

classification but then seek adjustment of status on the basis of an employment-based immigrant visa.

Butt's application for a labor certification was filed after April 30, 2001, so he must be grandfathered, if at all, on the basis of the section 204 petition for classification, which was filed before that date. But the section 204 petition for classification was eventually denied, so his status cannot be adjusted on that basis. Instead, he plans to seek adjustment of status on the basis of an employment-based immigrant visa, if and when it is granted. As a result, he would be grandfathered on the basis of a section 204 petition for classification but then seek adjustment of status on the basis of an employment-based immigrant visa.

Does the INA so permit? We also sought the parties' views on this question in our supplemental briefing order. In its supplemental brief, the Government appears to concede that, if Butt is grandfathered as the beneficiary of a section 204 petition for classification, his eligibility to apply for adjustment of status on some other basis, including an employment-based immigrant visa, is preserved under 8 C.F.R. § 245.10(a)(3).[9] Butt, of course, agrees.

---

[9] However, the Government argues that the earliest an employment-based immigrant visa would be available to Butt is October 2007 (unless he applied in June 2007, when there was a brief window during which Butt's "priority date" would have allowed him to apply), and he has no right to remain in the

-13-

Although the parties appear to be in agreement on the question of statutory interpretation -- i.e. that Butt may seek adjustment of status on the basis of an employment-based immigrant visa even though he was grandfathered on the basis of a section 204 petition for classification -- we think, without expressing any views whatsoever on the merits, that we would benefit from the BIA's views on the issue.  8 C.F.R. § 245.10(i) provides that

> The denial, withdrawal, or revocation of the approval of a qualifying immigrant visa petition, or application for labor certification, that was properly filed on or before April 30, 2001, and that was approvable when filed, will not preclude <u>its grandfathered alien</u> (including the grandfathered alien's family members) <u>from seeking adjustment of status under section 245(i) of the Act on the basis of another approved visa petition, a diversity visa, or any other ground for adjustment of status under the Act</u>, as appropriate.

8 C.F.R. § 245.10(i) (emphasis supplied); see also 8 C.F.R. § 245.10(a)(3) (stating that to preserve grandfathered status, an alien whose properly filed visa petition was denied must be "otherwise eligible to file an application for adjustment of status under section 245(i) of the [INA]").  In our opinion, these provisions do not unambiguously compel the interpretation

country in the interim.  See Hadayat v. Gonzales, 458 F.3d 659, 662 (7th Cir. 2006) (observing that "[w]hat is grandfathered ... is the basic eligibility for adjustment [of status]; in all other respects the individual remains a 'nonimmigrant' -- that is, a person with no legal right to remain in the United States unless and until an immigrant visa becomes available").  We decline to address this question until we have the benefit of the BIA's views on the various questions set forth herein.

-14-

favored by the parties. To be sure, there is nothing in the statutory or regulatory provisions in issue that explicitly requires that the immigrant visa on which basis the Attorney General adjusts an alien's status be based on the application or petition through which the alien was grandfathered. Furthermore, the USCIS Memorandum, see supra pages 9-10 & nn.6-7, arguably supports, at page 2, the interpretation propounded by both parties, namely that Butt may seek adjustment of status on the basis of an employment-based immigrant visa even though he was grandfathered on the basis of a section 204 petition for classification. But the statutory and regulatory provisions also do not foreclose other interpretations, viz. that the alien must be grandfathered and have his status adjusted on the same basis or that an alien may be grandfathered and have his status adjusted on different bases only if he can show changed circumstances, see 8 C.F.R. § 245.10(a)(3) (providing that "[a] visa petition that was properly filed on or before April 30, 2001, and was approvable when filed, but was later withdrawn, denied, or revoked <u>due to circumstances that have arisen after the time of filing</u>, will preserve the alien beneficiary's grandfathered status if the alien is otherwise eligible to file an application for adjustment of status under section 245(i) of the Act" (emphasis added)).

We therefore remand the case to the BIA to consider, in the first instance, whether, if Butt is grandfathered on the basis of the section 204 petition for classification, his status may be adjusted on the basis of an employment-based immigrant visa.

III.   CONCLUSION

Ambiguities such as these in a complex statutory scheme are best addressed, in the first instance, by the expert agency charged with administering it.  See generally Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 844-45 (1984).  We therefore grant the petition for review, vacate the BIA's decision, and remand the case to the BIA to consider the various issues discussed above.  This panel retains jurisdiction to rule upon the instant petition and decide the issues on appeal following the disposition of the remand.  See Ci Pan v. United States Att'y Gen., 449 F.3d 408, 415 (2d Cir. 2006) (per curiam) (citing United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir. 1994).