**Adan Ali Orejuela PUELLES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General [1], Respondent.**

No. 07–2378–ag.

United States Court of Appeals, Second Circuit.

March 19, 2008.

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Joseph A. O'Connell, Trial Attorney (Jeffrey S. Bucholtz, Acting Assistant Attorney General, and Michelle Gordon Latour, Assistant Director) Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

Present: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Adan Ali Orejuela Puelles, a citizen of Peru, seeks review of a decision of the BIA denying his motion to remand. *In re Orejuela Puelles,* No. A78 391 617 (BIA May 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

Five years after the petitioner entered this country without inspection, he married a United States citizen, Maria Cruz. On April 30, 2001, Maria filed an I–130 visa petition on Puelles's behalf. The Department of Homeland Security (DHS) denied the petition on February 2, 2005, stating that it had been "determined the marriage was entered solely for the purpose of evading the immigration laws of the United States." Maria did not appeal this determination, but she did file a second I–130 petition with DHS on December 6, 2005. On February 7, 2006, Immigration Judge (IJ), Michael W. Strauss, ordered Puelles removed to Peru. *In re Orejuala Puelles,* No. A78 391 617 (Immig. Ct. Hartford Feb. 7, 2006). Thereafter, on April 11, 2006, DHS issued a notice indicating that the second I–130 petition had been approved. Petitioner then moved the BIA to remand his case to allow the IJ to consider the approved I–130 petition. In an order dated May 7, 2007, the BIA denied the motion to remand.

"The BIA has broad discretion to deny a motion to remand grounded on new evidence." *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156–57 (2d Cir.2005) (internal quotation marks omitted). Puelles's motion to remand, "since it does not simply articulate the remedy sought on appeal, but also purports to rely on newly available evidence, is analyzed under the substantive standards applicable to motions to reopen." *Singh v. U.S. Dep't of Justice,* 461 F.3d 290, 293 (2d Cir.2006) (internal quotation marks omitted). Accordingly, we review the BIA's denial of Puelles's motion for abuse of discretion. "Such an abuse may be found if the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capri-

cious manner." *Id.* (internal quotation marks omitted).

The BIA determined that Puelles failed to qualify for "grandfathering" pursuant to 8 U.S.C. § 1255(i)(1), because he had not shown that the April 30, 2001 petition was "approvable when filed" as required under 8 C.F.R. § 245.10(a)(1)(i). The BIA stated that "[a]lthough the record reflects that [Puelles's] wife filed a visa petition on [his] behalf on April 30, 2001, this visa petition was ultimately denied by the DHS and the respondent has not established that it was approvable when filed with the DHS." Immigration regulations and BIA precedent, however, clearly indicate that the fact that a petition was not actually approved does not necessarily dictate that it was not "approvable when filed." *See* 8 C.F.R. § 245.10(a)(3); 8 C.F.R. § 1245.10(a)(3); *In re Riero,* 24 I. & N. Dec. 267, 268–69 (BIA 2007). It is difficult to discern the significance that the BIA placed on the denial of the first petition; insofar as the BIA considered it dispositive, this constituted a departure "from established policies" and an abuse of discretion. *Singh v. U.S. Dep't of Justice,* 461 F.3d at 293.[2]

We can discern no indication that the BIA considered the import of the second I–130 petition, even though the approval of the petition can be read to imply a reversal of the earlier agency position—on which the IJ based his removal order—that Puelles had married Maria for the purpose of evading immigration laws. The approval of the second petition suggests not only that Puelles and his wife now have a bona fide marriage, but also that they had a bona fide marriage at the inception of their marriage:

A marriage that is entered into for the primary purpose of circumventing the immigration laws, referred to as a fraudulent or sham marriage, has not been recognized as enabling an alien spouse to obtain immigration benefits. . . . The central question is whether the bride and groom intended to establish a life together *at the time they were married.*

*Matter of Laureano,* 19 I. & N. Dec. 1, 2–3 (BIA 1983) (internal citations omitted) (emphasis added). It would seem that, in approving the second petition, DHS necessarily found that the Puelles marriage was *not* entered solely for the purpose of evading the immigration laws, at least calling into question the basis for the denial of Maria's first petition and the IJ's refusal to grandfather Puelles. But because neither the BIA nor the IJ has yet considered the second petition and its effect on the legitimacy of the denial of the first petition, we are unable to review the BIA's position on the significance of a subsequently approved I–130 petition under these circumstances.

For the foregoing reasons, the petition for review is hereby **GRANTED** and the case **REMANDED.** We direct the BIA on remand to consider whether the approval of the second I–130 petition indicates that the first I–130 petition was approvable when filed and to provide reasoning concerning the import of the approval of the second I–130 petition. If and when there is an appeal of any BIA decision following remand, the petition will be referred to this panel. *See Shi Liang Lin v. U.S. Dep't of Justice,* 416 F.3d 184, 192 (2d Cir.2005); *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994).

---

2. We note that, in a case involving a petitioner who defaulted on his first I–130 petition, our Court asked the BIA to more clearly articulate the definition of "approvable when filed" for the purposes of 8 C.F.R. § 245.10(a)(3). *See Butt v. Gonzales,* 500 F.3d 130, 133–34 (2d Cir.2007).

We direct that the mandate be issued forthwith. Following the BIA's decision with respect to this remand, either party to this appeal may restore jurisdiction to this Court within 30 days by letter to the Clerk's Office seeking review. Such notification will not require the filing of a new notice of appeal. If notification occurs, the matter will be referred automatically to this panel for disposition.