20-3184-ag
*Ki v. Garland*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty one.

PRESENT:     JOSÉ A. CABRANES,
             BARRINGTON D. PARKER,
             EUNICE C. LEE,
                       *Circuit Judges.*

---

YA-CHO KI,

                   *Petitioner,*                              20-3184-ag

             v.

MERRICK B. GARLAND, United States Attorney
General,

                   *Respondent.*

---

**FOR PETITIONER:**          Theodore N. Cox, New York, NY.

**FOR RESPONDENT:**          Jesse D. Lorenz, Trial Attorney, Office of
                             Immigration Litigation (Leslie McKay,
                             Acting Assistant Director, *on the brief*) *for*
                             Brian Boynton, Acting Assistant Attorney
                             General, Civil Division, United States
                             Department of Justice, Washington, D.C.

1

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA") dated August 31, 2020**, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and hereby is **DENIED.**

Petitioner Ya-Cho Ki ("Ki"), a native and citizen of Taiwan, seeks review of the BIA's August 31, 2020 decision denying his motion to remand and affirming a September 28, 2018 decision of an Immigration Judge ("IJ") denying his motion for a continuance. *In re Ya-Cho Ki*, No. A076 559 885 (B.I.A. Aug. 31, 2020), *aff'g* No. 076 559 885 (Immg. Ct. N.Y. City Sept. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

## DISCUSSION

We generally review the BIA's denial of both a motion for a continuance and a motion to remand for an abuse of discretion. *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006) (BIA denial of a continuance); *Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005) (BIA denial of a motion to remand). Due process claims are reviewed *de novo. Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).

On appeal, Ki articulates three main arguments, all of which amount to due process challenges. Besides those claims, Ki's brief does not otherwise challenge the BIA's denial of his motions for continuance or remand, and he thus waives review of any other claims. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (finding claims abandoned where not sufficiently argued in the brief).[1]

Ki's three arguments are: (1) that the agency failed to make a determination of removability; (2) that the case should be remanded so that an official transcript of 2003 hearings can be produced; and (3) that due process required more notice and an additional hearing before a ruling on his motion for a continuance.

---

[1] Even if we were to ignore Ki's waiver, we would conclude that the BIA did not abuse its discretion in this case. Both a continuance and a remand require some showing of eligibility for the underlying relief sought, *Morgan,* 445 F.3d at 552; *Cao*, 421 F.3d at 156, which in Ki's case is an adjustment of status. The agency may decline to continue or remand where it determines that it would deny the underlying relief as a matter of discretion. *See INS v. Abudu*, 485 U.S. 94, 105 (1988). The BIA found that "[e]ven if [Ki] were able to adjust[,] . . . the Immigration Judge indicated that [Ki's] extensive criminal history weighed against a favorable exercise of discretion to grant relief or a continuance pursuant to relief." Spec. App'x 4; *see id.,* 9–10; *see also Wallace v. Gonzales*, 463 F.3d 135, 137 (2d Cir. 2006). The BIA's denial of Ki's motions was therefore not an abuse of discretion.

The common basis for Ki's first and second arguments is the IJ's statement, referring to certain 2003 immigration court proceedings in Ki's case, that "removability was established by a prior immigration court." Spec. App'x 6. Ki claims that the immigration court never made a finding of removability at the 2003 proceedings and that remand is required so that an official transcript of the 2003 proceedings can be produced to demonstrate this. These arguments are without merit. The record clearly reflects that Ki *conceded* removability at the 2003 proceedings in written pleadings. Certified Administrative Record ("CAR") at 1157 ("concede removability under 212(a)(6)(A)(i)"). Moreover, Ki conceded removability *again* in 2009 proceedings. CAR at 98 ("Judge[:] . . . So there's a charge under 212(a)(6) for being present without inspection. Admitted? [Ki's Counsel:] Yes[.]").

The IJ's decision relied on this entire record. Spec. App'x 6 ("Respondent . . . through counsel conceded removability under the 212(a)(6)(A)(i), present without admission or parole, grounds. And thus at that point removability was established by the respondent's own admissions."). Ki has therefore not shown the prejudice required to state a due process claim, because his concession of removability is clear from the written pleadings and 2009 hearing transcripts.

Ki's third argument is that the agency violated due process by ruling on his motion for a continuance at a status hearing without providing a full hearing and an opportunity to present evidence and witnesses. This argument is also meritless. In the immigration context, due process requires notice and an opportunity to be heard. *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007). Ki has shown neither that he was deprived of notice and an opportunity to be heard nor prejudice.

Since Ki filed his renewed application for adjustment of status, he has had the opportunity to submit supporting evidence attempting to establish his eligibility. CAR at 535-36. Prior to the 2018 hearing, the IJ explicitly notified Ki that the hearing was to determine whether a continuance was warranted and warned that one would not be granted if he was ineligible for adjustment of status. *Id.* at 169–72. Ki filed a brief with the IJ arguing eligibility for adjustment in advance of that hearing. *Id.* at 233–43. Ultimately, though, Ki is ineligible for adjustment because he is inadmissible, and he is inadmissible because he entered without inspection and lacks a visa petition pending prior to April 30, 2001. *See Butt v. Gonzales*, 500 F.3d 130, 132–33 (2d Cir. 2007); *see also* 8 U.S.C. § 1255(a), (i); 8 C.F.R. § 245.10(b)(3). Indeed, even on appeal, Ki does not argue that the agency erred in finding him ineligible for adjustment of status. Pet. Br. 22–25.

In sum, Ki has not shown that he was prejudiced by any of the processes about which he complains. At bottom, Ki has not explained to the agency or on appeal how he is eligible for adjustment of status in light of his entry to the United States without inspection and his significant criminal record. 8 U.S.C. § 1255(a).

**CONCLUSION**

We have reviewed all of the arguments raised by Ki on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court