MATTER OF GRAZLEY

In Deportation Proceedings

A-13768404

*Decided by Board April 12, 1973*

(1) Conviction of "false pretence" in violation of the provisions of section 319 or 320 of the Criminal Code of Canada, a crime involving moral turpitude, which resulted in a sentence of 7 days imprisonment, is classifiable as a "petty offense" within the exception provisions of section 212(a)(9) of the Immigration and Nationality Act.

(2) Where cash was the object of theft, conviction of "theft" in violation of section 283 of the Criminal Code of Canada is conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]— Excludable at entry under section 212(a)(9), as alien who has been convicted of crime involving moral turpitude, to wit, theft under $50.00 and false pretence.

ON BEHALF OF RESPONDENT: Leonard W. Moen, Esquire
1501 Washington Building
Tacoma, Washington 98402

The respondent, a native and citizen of Canada, appeals from the March 1, 1973 decision of the immigration judge, finding him deportable on the above charge. The appeal will be dismissed.

The respondent admitted the first three allegations in the order to show cause; allegations 4 and 5, concerning convictions in Canada for "theft under fifty dollars" and "false pretence," were established by the Service by the introduction of certified copies of the conviction records. The immigration judge found, and we agree, that the allegations in the order to show cause were established by clear, convincing, and unequivocal evidence. The immigration judge also concluded that the charge in the order to show cause was sustained. We agree.

Section 241(a) of the Immigration and Nationality Act provides: "Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

(1) at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry. . . ."

Section 212(a) of the Act provides, in pertinent part:

> Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States: (9) Aliens who have been convicted of a *crime involving moral turpitude* (other than a purely political offense) . . . ; except that aliens who have committed only one such crime while under the age of eighteen years may be granted a visa and admitted if the crime was committed more than five years prior to the date of the application for a visa or other documentation, and more than five years prior to date of application for admission to the United States, unless the crime resulted in confinement in a prison or correctional institution, in which case such alien must have been released from such confinement more than five years prior to the date of the application for a visa or other documentation, and for admission, to the United States. Any alien who would be excludable because of the conviction of a *misdemeanor classifiable as a petty offense* under the provisions of section 1(3) of title 18, United States Code, by reason of the punishment actually imposed, . . . may be granted a visa and admitted to the United States if otherwise admissible: *Provided,* That the alien has committed *only one such offense.* . . ." (Emphasis supplied.)

In his appeal the respondent contends that the crimes of which he was convicted were misdemeanors, and that they did not involve moral turpitude. A crime may or may not involve moral turpitude whether it is a felony or a misdemeanor, *Gonzales* v. *Barber,* 207 F.2d 398, 400 (C.A. 9), affirmed 347 U.S. 637 (1953); *Tillinghast* v. *Edmead,* 31 F.2d 81, 83–84 (C.A. 1, 1929). For purposes of this appeal, the following questions must be answered: (1) Does the crime in question involve moral turpitude? (2) If so, is it a misdemeanor? (3) If so, is it classifiable as a petty offense under Title 18 United States Code 1(3) by reason of the punishment actually imposed? (4) Has the alien committed only one such offense? If moral turpitude is not involved, or if *all* of the above questions are answered yes, then the alien is not excludable under section 212(a)(9).

United States standards are applied to determine whether or not a crime committed in a foreign country involves moral turpitude, *Mercer* v. *Lence,* 96 F.2d 122, 124 (C.A. 10), cert. den. 305 U.S. 611 (1938); *U.S. ex rel. McKenzie* v. *Savoretti,* 200 F.2d 546 (C.A. 5, 1952); *Matter of M—,* 9 I. & N. Dec. 132, 134 (BIA, 1960). The classification of a crime committed in a foreign country as a misdemeanor or a felony is likewise made according to United States standards; *i.e.,* the offense is examined in the light of the maximum punishment imposable for an equivalent crime described in Title 18 of the United States Code or, if an equivalent offense is not found there, Title 22 of the D.C. Code, *Giammario* v.

*Hurney*, 311 F.2d 285, 286 (C.A. 3, 1962); *Matter of Adamo*, 10 I. & N. Dec. 593, 595 (BIA, 1964); *Matter of T—*, 6 I. & N. Dec. 508, 517 (AG, 1955). A misdemeanor is any offense other than one punishable by death or by imprisonment for a term exceeding one year, 18 U.S.C. 1(1), (2).

The respondent was convicted under the Criminal Code of Canada of "false pretense." The Canadian statute is not set forth in the record, nor is the section number given. We assume, after consulting the index to the Criminal Code of Canada, that the appropriate provisions are in sections 319 and 320 of the Code. Section 319 defines a false pretense as a knowing misrepresentation of a past or present fact, made with fraudulent intent to induce the person to whom it is made to act upon it. Section 320 describes various offenses in which a false pretense may be involved. Because of the element of fraud, any of these offenses would be crimes involving moral turpitude, *Jordan v. DeGeorge*, 341 U.S. 223, 232, 71 S. Ct. 103, 95 L. Ed. 886, 893 (1951); *Burr v. INS*, 350 F.2d 87, 91 (C.A. 9, 1965), cert. den. 383 U.S. 915 (1966); *Matter of McLean*, 12 I. & N. Dec. 551, 552 (BIA, 1967).

There is no equivalent crime in the United States Code, but there is in the D.C. Code, section 22–1301, false pretenses. There the equivalent crime is a misdemeanor, as defined in 18 U.S.C. 1(2), and by reason of the punishment actually imposed—seven days in the Common Gaol of the County of Vancouver—it is a petty offense, 18 U.S.C. 1(3), *i.e.*, the punishment actually imposed was less than six months or $500 or both. If this were the only crime involving moral turpitude committed by the respondent, he would not be deportable by reason of the petty offense exception and proviso of section 212(a)(9) of the Immigration and Nationality Act.

However, the respondent was also convicted of "theft" under the Criminal Code of Canada and sentenced to 30 days in the Common Gaol of the County of Vancouver. Once again the provisions of the statute are not set forth in the record, nor is the section number given, and this makes our task much more difficult; but our research reveals that the relevant statute evidently is section 283 of the Criminal Code of Canada. That section reads, in pertinent part, as follows:

> (1) Every one commits theft who fraudulently and without colour of right takes, or fraudulently and without colour of right converts to his use or to the use of another person, anything whether animate or inanimate, with intent,
>
> > (a) to deprive, *temporarily or absolutely*, the owner of it or a person who has a special property or interest in it, of the thing or of his property or interest in it, . . .
>
> (2) A person commits theft when, with intent to steal anything, he moves it or causes it to move or to be moved, or begins to cause it to become movable. . . . (Emphasis supplied.)

We note that this section provides for conviction for theft whether the taking is permanent or temporary. Ordinarily, a conviction for theft is considered to involve moral turpitude only when a permanent taking is intended. Since section 283 includes some offenses which do involve moral turpitude and others which do not, it is treated as a "divisible" statute. Therefore it is permissible to look beyond the statute to consider such facts as may appear from the record of conviction to determine whether the conviction was rendered under the portion of the statute dealing with crimes that do involve moral turpitude. See *Matter of T—*, 2 I. & N. Dec. 22 (AG, 1944), which related to a conviction under an earlier version of section 283.

The record of conviction in the present case states that the respondent "... unlawfully did commit theft of a change purse containing money and stamps of a total value not in excess of fifty dollars. ..." While we have no direct evidence as to what the respondent's intent was at the time he took the purse, we believe it is reasonable to assume, since cash was taken, that he took it with the intention of retaining it permanently. We hold, therefore, that the circumstances surrounding the offense in question indicate that the respondent was convicted for theft involving a permanent taking. Consequently, we hold that this offense involved moral turpitude. The fact that the theft may have been petty is immaterial to the question of whether or not it involved moral turpitude, *Brett* v. *INS*, 386 F.2d 439 (C.A. 2, 1967), cert. den. 392 U.S. 935 (1968); *Morasch* v. *INS*, 363 F.2d 30, 31 (C.A. 9, 1966). As indicated above, even if this were a misdemeanor classifiable as a petty offense under 18 U.S.C. 1(3), the exception for a petty offense contained in section 212(a)(9) of the Immigration and Nationality Act would not apply because the respondent was convicted of more than one such offense.

It does not help the respondent that these crimes were committed more than eight years ago. The exception for crimes committed and time served in prison more than five years before the date of application for admission applies only to aliens who, while under the age of 18, have committed only one such crime. The respondent was over 18 when these crimes were committed, and he was convicted of more than one crime involving moral turpitude.

Since the respondent has withdrawn his request for voluntary departure, we need not reach the question of his eligibility for such relief or the exercise of the Attorney General's discretion in his behalf.

Accordingly, we agree with the immigration judge that the respondent was excludable at the time of entry because he had

committed a crime involving moral turpitude, and that he is, therefore, deportable as charged.

**ORDER:** The appeal is dismissed.