Mercedes RAMIREZ–PINA,
Petitioner—Appellant,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent—Appellee.

No. 00–56854.
INS No. A30 401 780.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Feb. 22, 2002.

Before B. FLETCHER, D.W.
NELSON, and McKEOWN, Circuit
Judges.

MEMORANDUM *

Mercedes Ramirez–Pina appeals the district court's denial of her petition for a writ of habeas corpus. The district court withdrew its initial decision, which would have granted Ramirez–Pina the writ.

■ We must determine whether Ramirez–Pina's conviction under California Vehicle Code § 10851(a)—which proscribes driving or taking an automobile not one's own—constitutes a "theft offense" as that term applies under 8 U.S.C. § 1101(a)(43)(G). Because we conclude that it does, Ramirez–Pina stands convicted of an aggravated felony and is ineligible for cancellation of removal.[1]

In January, 1999, the INS served Ramirez–Pina with a Notice to Appear charging her with removability as an aggravated felon as a result of her 1996 guilty plea to unlawful driving or taking of a vehicle in violation of Cal. Veh.Code § 10851(a). Subsequently, the INS lodged an additional removability charge stemming from Ramirez–Pina's conviction for possession of a controlled substance in violation of Cal. Health & Safety Code § 11377(a). Ramirez–Pina has acknowledged a May, 22, 1996 guilty plea to the two charges; her plea resulted in a 365 day sentence.

Ramirez–Pina concedes that the controlled substance conviction rendered her removable pursuant to § 237(a)(2)(B)(i) of the Immigration and Nationality Act of 1952, as amended by IIRIRA, 8 U.S.C. § 1227(a)(2)(B)(i). She argues, however, that she is statutorily eligible for cancellation of removal under § 240A(a)(1) of the INA because her California Vehicle Code conviction is not an aggravated felony for removal purposes.

Reviewing Ramirez–Pina's petition for habeas corpus, the district court concluded that the § 10851(a) conviction was a theft offense and thus an aggravated felony rendering Ramirez–Pina ineligible for cancellation of removal. We review de novo the district court's decision to deny a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *Bowen v. Hood,* 202 F.3d 1211, 1218 (9th Cir.2000).

■ Under the INA, Ramirez–Pina is statutorily eligible for cancellation of removal if she can demonstrate that:

1. She has been a legal permanent resident of the United States for five years;

2. She has resided continuously in the United States for at least seven years; and

3. She has not been convicted of any aggravated felony.

INA § 240A(a), 8 U.S.C. § 1229b(a). Because the parties do not dispute that Ramirez–Pina satisfies the first two requirements, the only relevant issue on appeal is whether or not her California Vehicle Code conviction constitutes an aggravated felony and thus renders her statutorily ineligible for cancellation of removal.

A "theft offense"—including receipt of stolen property—may constitute an aggravated felony under the INA as long as it carries a sentence of at least one year. INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G). Ramirez–Pina acknowledges that her 365–day sentence satisfies

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The INS charged Mercedes Ramirez–Pina with removability in January 1999. Because removal proceedings began after the April 1, 1997 effective date of Title III of the Immigration Reform and Immigrant Responsibility Act (IIRIRA), IIRIRA's permanent provisions govern Ramirez–Pina's appeal. This court has jurisdiction to review the district court's decision pursuant to 28 U.S.C. § 2253.

the sentence requirement, but denies that Cal. Veh.Code § 10851(a) describes a "theft offense." Section 10851(a) reads, in relevant part:

Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle ... is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in the state prison for 16 months or two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in the county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000) or both.

Cal. Veh.Code § 10851(a) (1996).

In its January 2000 decision regarding Ramirez–Pina, the BIA acknowledged that, to constitute a theft offense, "the crime must have as an element the intent to permanently deprive the owner of his or her property." *In re Mercedes Ramirez–Pina*, A30 401 780 (BIA, Jan. 19, 2000) at 2, *citing Matter of Grazley*, 14 I. & N. Dec. 330, 333, 1973 WL 29441 (BIA 1973); *Matter of D-*, 1 I. & N. Dec. 143, 145 (BIA 1941). Ramirez–Pina argues that, because § 10851(a) contemplates either permanent or temporary deprivation, it does not encompass a theft offense for the purposes at issue here.

■ Ramirez–Pina is wrong. When a statute is divisible in the sense that it describes some conduct that amounts to a theft offense and some that does not, the court should look to the charging document and judgment of conviction to determine whether the actual offense in question manifests the requisite criminal intent. *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir.

2000). In her guilty plea Ramirez–Pina admitted that she "unlawfully drove and took a 1995 Volvo 850 automobile without the consent of and with the intent to deprive the owner of title and possession of said vehicle; in viol. of VC 10851(b)(sic)." We find that when Ramirez–Pina admitted that she intended to deprive the rightful owner of title, she likewise manifested the requisite intent to permanently deprive the rightful owner of use and enjoyment of the Volvo. Furthermore, according to the charges lodged in San Diego County Municipal Court, Ramirez–Pina had had the car in her possession for almost a year when she was finally charged—hardly a temporary theft.

We conclude that Ramirez–Pina stole the car with the intent to permanently deprive its owner of title and possession in violation of § 10851(a), and therefore that she was convicted of a "theft offense" for purposes of 8 U.S.C. § 1101(a)(43)(G). Ramirez–Pina is not statutorily eligible for cancellation of removal under 8 U.S.C. § 1229b(a).

**AFFIRMED.**

