Obeya v. Holder

BIA
Connelly, IJ
A055 579 757

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand fourteen.

PRESENT:
  Rosemary S. Pooler,
  Peter W. Hall,
  Susan L. Carney,
   *Circuit Judges.*

_____

CLEMENT OBEYA,
  *Petitioner,*

  v.         12-3276

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:  Richard Mark, Samantha Hong, Gibson, Dunn & Crutcher LLP, New York, New York.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General, Eric W. Marsteller, Senior Litigation Counsel, Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Clement Obeya, a native and citizen of Nigeria, seeks review of an August 7, 2012 decision of the BIA affirming the March 13, 2012 decision of Immigration Judge ("IJ") Steven J. Connelly, finding him removable under 8 U.S.C. § 1227(a)(2)(A)(i) based on his conviction for a crime involving moral turpitude ("CIMT") within five years of his admission into the United States. *In re Clement Obeya*, No. A055 579 757 (B.I.A. Aug. 7, 2012), *aff'g* No. A055 579 757 (Immig. Ct. Batavia Mar. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Obeya argues that his conviction under New York's petit larceny statute, New York Penal Law ("NYPL") § 155.25, does not constitute a crime involving moral turpitude. Although

2

Obeya did not expressly challenge the IJ's ruling on this issue below, the BIA, in broad language, "f[ound] no clear error in the [IJ's] determination that the Department of Homeland Security . . . established the respondent's removability by clear and convincing evidence." App'x at 3. Where, as here, the BIA's sweeping language affirms an IJ's misstatement of law, and a petitioner seeks to challenge that misstatement, we deem the issue exhausted. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008) (explaining that an argument not otherwise raised below may be considered exhausted if addressed by the BIA); *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994).

Although precedent allows counsel to stipulate or concede facts, *see Hoodho v. Holder*, 558 F.3d 184, 188, 190-92 (2d Cir. 2009), we have never held that an IJ may rely on an erroneous concession of law. In finding Obeya removable, the IJ held that "any type of larceny or theft offense under the [i]mmigration laws constitutes a crime involving moral turpitude." App'x at 25-26. The IJ erred in so holding because, as we have observed, under BIA precedent larceny constitutes a CIMT "'only when a permanent taking is intended.'" *Wala v. Mukasey*, 511 F.3d 102, 106 (2d Cir.

3

2007) (quoting *Matter of Grazley*, 14 I. & N. Dec. 330, 333 (B.I.A. 1973)).  Therefore, we remand for the BIA to determine in the first instance whether Obeya's conviction under NYPL § 155.25 constitutes a CIMT.  *See James v. Mukasey*, 522 F.3d 250, 256 (2d Cir. 2008) (remanding for the BIA to determine the divisibility of a statute of conviction, even though the Court was not "clearly required" to do so, as the "wiser and more prudent course").

For the foregoing reasons, the petition for review is GRANTED, and the case REMANDED to the BIA for further proceedings.  As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk

4