# Matter of Clement OBEYA, Respondent

*Decided November 16, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Petit larceny in violation of section 155.25 of the New York Penal Law, which requires an intent to deprive the owner of his property either permanently or under circumstances where the owner's property rights are substantially eroded, is categorically a crime involving moral turpitude. *Matter of Diaz-Lizarraga*, 26 I&N Dec. 847 (BIA 2016), followed.

FOR RESPONDENT: Richard W. Mark, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Brian J. Counihan, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, WENDTLAND, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated March 13, 2012, an Immigration Judge denied the respondent's motion to terminate proceedings and ordered him removed from the United States. We dismissed the respondent's appeal on August 7, 2012. The United States Court of Appeals for the Second Circuit granted the respondent's petition for review and remanded the case for us to determine, in the first instance, whether the respondent's conviction for petit larceny is for a crime involving moral turpitude.[1] *Obeya v. Holder*, 572 F. App'x 34 (2d Cir. 2014). The respondent's appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Nigeria who was admitted to the United States on August 12, 2004, as a lawful permanent resident. In 2008 he was convicted in the County Court of Albany, New York, of petit larceny in violation of section 155.25 of the New York Penal Law, for

---

[1] On December 9, 2013, we denied the respondent's untimely motion to reopen proceedings. The denial of the respondent's motion was not referenced in the Second Circuit's remand order, and the issue is not now before us.

which he was sentenced to 3 years of probation. After a violation of his probation in 2011, he was resentenced to imprisonment for 10 months.

In November 2008, the Department of Homeland Security ("DHS") charged the respondent with removability under section 237(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(i) (2006), as an alien who has been convicted of a crime involving moral turpitude that was committed within 5 years of admission, for which a sentence of 1 year or longer may be imposed. The Immigration Judge determined that the respondent is removable and ordered him removed to Nigeria.[2]

## II. ISSUE

The issue in this case is whether a violation of the New York petit larceny statute, which has a scienter element that requires less than an intent to permanently deprive the owner of the right to his or her property, is a crime involving moral turpitude. We review this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2016).

## III. ANALYSIS

Under section 237(a)(2)(A)(i) of the Act, an alien is removable if he or she has been convicted of a crime involving moral turpitude committed within 5 years after the date of admission, for which a sentence of 1 year or longer may be imposed. We have stated that moral turpitude refers generally to conduct that is "inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Matter of Leal*, 26 I&N Dec. 20, 25 (BIA 2012) (quoting *Matter of Ruiz-Lopez*, 25 I&N Dec. 551, 553 (BIA 2011)). Further, a finding of moral turpitude requires that a perpetrator have committed the reprehensible act with some form of scienter. *Matter of Silva-Trevino*, 26 I&N Dec. 826, 828 n.2, 833−34 (BIA 2016) (citing *Matter of Silva-Trevino*, 24 I&N Dec. 687, 706 & n.5 (A.G. 2015)). We have also long held that a theft offense only involves moral turpitude if it is committed with the intent to permanently deprive the owner of property. *See, e.g.*, *Matter of Grazley*, 14 I&N Dec. 330, 333 (BIA 1973).

In its brief on remand, the DHS contends that we should abandon the distinction between temporary and permanent takings when determining whether a theft or larceny offense involves moral turpitude. According to

---

[2] The Immigration Judge did not clearly err in finding that the respondent's relevant date of admission is August 12, 2004, and that his conviction is based on conduct that occurred within 5 years after that date.

the DHS, such a distinction is unnecessary and impractical and has created confusion among the Federal courts of appeals because there are myriad larceny charges encompassed by the more than 50 State penal laws enforced in the country. In his reply brief, the respondent argues that we should conclude, consistent with more than seven decades of precedent, that only larceny offenses requiring an intent to permanently deprive the owner of property should constitute crimes involving moral turpitude.

The respondent's conviction was under section 155.25 of the New York Penal Law, which provides in pertinent part:

> A person is guilty of petit larceny when he steals property.

Other sections of the New York Penal Law further describe the offense of petit larceny. Section 155.05(1) defines the term "larceny" as follows:

> A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.

In turn, section 155.00(3) defines the term "deprive" as follows:

> To "deprive" another of property means (a) to withhold it or cause it to be withheld from him permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost to him, or (b) to dispose of the property in such manner or under such circumstances as to render it unlikely that an owner will recover such property.

As an initial matter, we conclude that we are not precluded here from applying *Matter of Diaz-Lizarraga*, 26 I&N Dec. 847 (BIA 2016), which is published as a companion to this case and revisits our precedent decisions concerning the requisite intent for larceny crimes in the context of a crime involving moral turpitude. The Second Circuit's remand order in this case stated that "under [Board] precedent larceny constitutes a [crime involving moral turpitude] '"only when a permanent taking is intended,"'" quoting its prior decision in *Wala v. Mukasey*, 511 F.3d 102, 106 (2d Cir. 2007) (quoting *Matter of Grazley*, 14 I&N Dec. at 333). *Obeya*, 572 F. App'x at 35. Nonetheless, the court did not decide, either in its published disposition in *Wala* or its unpublished remand order in this case, whether the distinction between temporary and permanent takings is a necessary one in the context of a crime involving moral turpitude. Instead, in *Wala* the Second Circuit noted that the Board "recently suggested that whether this distinction [between a permanent and temporary taking] actually exists is an open question." *Wala*, 511 F.3d at 106 (citing *Matter of Jurado*, 24 I&N Dec. 29, 33 (BIA 2006)). The court further acknowledged that the Board is

"free to reconsider its view of what types of larcenies amount to [crimes involving moral turpitude]" and stated that it expressed "no position . . . on whether any such change in position would be entitled to or receive deference." *Id.*

In *Matter of Diaz-Lizarraga*, 26 I&N Dec. at 852–53, we determined that a theft offense may be found to categorically involve moral turpitude even if it does not require the accused to intend a literally permanent taking. We held, instead, that an offense qualifies as a categorical crime involving moral turpitude if it "embodies a mainstream, contemporary understanding of theft, which requires an intent to deprive the owner of his property either permanently or under circumstances where the owner's property rights are substantially eroded." *Id.* at 854. We concluded that Arizona's shoplifting statute, the relevant portion of which closely tracks the Model Penal Code, embodies this mainstream, contemporary understanding of theft and accordingly defines a categorical crime involving moral turpitude.[3]

The New York larceny statute, which requires an intent to "deprive," largely tracks the Model Penal Code formulation. However, it differs from many other State statutes because it may also be violated with an intent to "appropriate" property. Section 155.00(4) of the New York Penal Law provides:

> To "appropriate" property of another to oneself or a third person means (a) to exercise control over it, or to aid a third person to exercise control over it, permanently or for so extended a period or under such circumstances as to acquire the major portion of its economic value or benefit, or (b) to dispose of the property for the benefit of oneself or a third person.

---

[3]  The Model Penal Code definition of theft and the Arizona shoplifting statute at section 13-1805(A) of the Arizona Revised Statutes require that the accused have an intent to deprive an owner of property. Section 223.0(1) of the Model Penal Code defines the term "deprive" as

> (a) to withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation; or (b) to dispose of the property so as to make it unlikely that the owner will recover it.

In addition to Arizona, 18 other States have adopted the Model Penal Code's definition of "deprive." Five other States, including New York and Connecticut, essentially track the Model Penal Code, omitting solely the mental state regarding the intent to restore the property only upon payment of a reward or some other compensation. *See, e.g.*, Conn. Gen. Stat. § 53a-118(a)(3) (West 2016); N.Y. Penal Law § 155.00(3) (McKinney 2016); *see also Matter of Diaz-Lizarraga*, 26 I&N Dec. at 851–52 & nn.4–8 (collecting statutes and cases).

On its face, New York's definition of the term "appropriate" in section 155.00(4)(a) appears very similar to the definition of "deprive" in section 155.00(3)(a). Both definitions require that "the major portion of [the property's] economic value or benefit" is either lost to the owner because the offender deprived him or her of it, or acquired by the offender through appropriation. Section 155.00(4)(a) would therefore likely require a showing of a permanent deprivation or substantial erosion of property rights, as articulated in *Matter of Diaz-Lizarraga*.

However, in defining the term "appropriate," section 155.00(4)(b)—which requires disposal of the property for the benefit of the accused or a third person—does not address the duration or extent of the requisite intended loss to the owner. Therefore the plain language of this section, standing alone, does not require a showing that a permanent deprivation or substantial erosion of property rights was intended. We nevertheless conclude that this reading of the statute, which the respondent urges on appeal, is foreclosed by New York's case law.

Notwithstanding the language of section 155.00(4)(b), New York's highest court has determined that a conviction for larceny requires proof of an intent "to exert permanent or virtually permanent control over the property taken, or to cause permanent or virtually permanent loss to the owner of the possession and use thereof." *People v. Medina*, 960 N.E.2d 377, 382 (N.Y. 2011) (emphases omitted) (quoting *People v. Jennings*, 504 N.E.2d 1079, 1086 (N.Y. 1986)) (internal quotation marks omitted); *see also, e.g.*, *People v. Parker*, 466 N.Y.S.2d 700, 702 (N.Y. App. Div. 1983) (finding no larcenous intent where there was no evidence of intent to permanently or virtually permanently appropriate the property or deprive the owner of the use of the property, "as distinguished from a 'borrowing' type of intent to obtain temporary use or cause temporary loss" (emphasis omitted) (quoting Arnold D. Hechtman, Practice Commentaries (McKinney's Cons. Laws of N.Y., Book 39, Penal Law, § 160.00, at 195))); *People v. Guzman*, 416 N.Y.S.2d 23, 25–26 (N.Y. App. Div. 1979) ("The people are required to prove that there was a specific intent to steal, and the act must contemplate such a permanent appropriation of the property. A temporary taking will not establish the larcenous intent.").

Although the respondent cites several cases in support of his argument that a violator can be convicted of New York larceny without a showing that he or she intended a permanent or virtually permanent deprivation, none of them is persuasive. One citation is to the dissent in *Jennings*, which, while forcefully articulating the respondent's position, is not controlling here because it is directly opposed to the majority opinion in that binding case. *People v. Jennings*, 504 N.E.2d at 1095 (Simons, J.,

dissenting in part). Two other citations are to cases that construe Connecticut's larceny statute—not New York's. *Patel v. Holder*, 707 F.3d 77, 80 (1st Cir. 2013) (addressing sections 53a-118(a)(4) and 53a-119(1) of the Connecticut General Statutes); *State v. Wieler*, 660 A.2d 740, 741–42 (Conn. 1995) (same). We acknowledge that the text of the relevant Connecticut statutes is similar to that of the New York statutes. However, the State courts' interpretations of their statutes—not the language of those statutes—are dispositive here.

Unlike Connecticut courts, whose case law permits a larceny conviction without the intent to cause a permanent deprivation, New York courts have long held that larceny requires proof of intent to permanently or virtually permanently appropriate property or deprive the owner of the use of property.

## IV. CONCLUSION

Applying the holding in *Matter of Diaz-Lizarraga* to the facts of this case, we conclude that the respondent's offense—which requires proof of the intent to permanently or virtually permanently deprive an owner of property—satisfies the requirement of an intent to deprive the owner of his property either permanently or under such circumstances that the owner's property rights are substantially eroded. It is therefore categorically a crime involving moral turpitude. The Immigration Judge properly determined that the respondent is removable under section 237(a)(2)(A)(i) of the Act for having been convicted, within 5 years of the date of his admission, of petit larceny in violation of section 155.25 of the New York Penal Law, for which a sentence of 1 year or longer may be imposed. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.