Garcia v. Sessions

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
    ROBERT D. SACK,
    DENNY CHIN,
      *Circuit Judges.*

-------------------------------------------------------------------------
ALEJANDRO GARCIA GARCIA, AKA ALEJANDRO GARCIA, AKA ALEJANDRA GARCIA, AKA ALEX GARCIA, AKA, ALEXJENDRO GARCIA, AKA ALEXANDRO GARCIA, AKA ALEZ GARCIA, AKA GARCIA ALEJANDRO,

      *Petitioner*,

    v.              No. 14-3775

JEFFERSON B. SESSIONS III, U.S. Attorney General,

      *Respondent*.

-------------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR PETITIONER: | DANIEL E. WENNER, Day Pitney LLP, Hartford, CT. |
| APPEARING FOR RESPONDENT: | TIM RAMNITZ, attorney (Benjamin C. Mizer, Assistant Attorney General, Shelley R. Goad, Assistant Director, *on the brief*), Office of |

Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

Alejandro Garcia Garcia ("Garcia") petitions for review of his order of removal to the Dominican Republic. Upon due consideration, it is hereby ORDERED that the petition is GRANTED and the decision of the Board of Immigration Appeals is VACATED and the case is REMANDED for such further proceedings as may be appropriate in the circumstances and consistent with this order.

On January 14, 2013, the government instituted removal proceedings against Garcia, a Dominican Republic national who was lawfully brought into the United States in 1965 as a thirteen-month old. The IJ found Garcia removable because of five prior convictions: 1) a 1993 conviction for attempted criminal sale of a controlled substance in the fifth degree for attempting to sell PCP in violation of New York Penal Law ("N.Y.P.L.") §§ 110.00 and 220.31; 2) a September 1996 conviction for theft of services for jumping a subway turnstile in violation of N.Y.P.L. § 165.15; 3) a December 1996 conviction for the same thing; 4) a 1998 conviction for attempted assault in the third degree in violation of N.Y.P.L. §§ 110.00 and 120.00; and 5) a 1999 conviction for petit larceny in violation of N.Y.P.L. § 155.25. The IJ found that 1) the PCP conviction constituted an aggravated felony under 8 U.S.C. § 1101 (a)(43)(B); 2) the assault conviction had been entered pursuant to N.Y.P.L. 120.00(1), which made it a crime involving moral turpitude; and 3) Garcia's theft of services and petit larceny convictions were crimes involving moral turpitude, which made Garcia removable under 8 U.S.C. § 1227(a)(2)(A)(ii). Garcia appealed the decision to the BIA, which affirmed the IJ's decision holding Garcia

removable as charged. A final order of removal was entered against Garcia on September 9, 2014. Garcia timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the decision of the IJ as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "Ordinarily, this Court lacks jurisdiction to review orders of removal based on an alien's conviction for certain offenses," but "[w]e retain jurisdiction . . . to consider 'questions of law,' including whether an alien's conviction qualifies as a removable offense under the immigration laws." *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007) (citation omitted).

An alien is deportable if, among other things, at any time after admission she 1) "is convicted of an aggravated felony," 8 U.S.C. § 1227 (a)(2)(A)(iii); 2) "is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct," *id.* § 1227(a)(2)(A)(ii), or 3) "has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance," *id.* § 1227 (a)(2)(B)(i).

On appeal, the government argues that it has three independent grounds for removing Garcia: 1) his PCP conviction is an "aggravated felony," 2) all five of his convictions amount to "crimes involving moral turpitude," and 3) his PCP conviction is an offense "relating to a controlled substance."

## I.    Aggravated Felony

Our recent decision in *Harbin v. Sessions*, 860 F.3d 58 (2d Cir. 2017), disposes of the government's argument that Garcia is removable because of an aggravated felony. There, we held that a conviction under N.Y.P.L. § 220.31 does not constitute the commission of an aggravated felony for immigration purposes, and therefore is not sufficient to make an alien removable. *Id.* at 61. Thus, Garcia, like Harbin, is not removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

## II.    Two or More Crimes Involving Moral Turpitude

A conviction is a crime involving moral turpitude ("CIMT") if the crime is "inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Mendez v. Mukasey*, 547 F.3d 345, 347 (2d Cir. 2008). "Because it is in the intent that moral turpitude inheres, the focus of the analysis is generally on the mental state reflected in the statute." *Efstathiadis v. Holder*, 752 F.3d 591, 595 (2d Cir. 2014) (internal quotation marks and alterations omitted). To determine whether an offense is a CIMT, we employ "a categorical approach that 'look[s] not to the facts of' the particular case, 'but instead to whether [the offense] categorically fits within' the definition of a CIMT." *Id.* (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013)). "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). In that case, we "line[] up that crime's elements alongside those of the generic offense and see[] if they

4

match." *Id.* If instead the criminal statute at issue "list[s] elements in the alternative," we employ the so called modified categorical approach and "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249. Once the particular crime of conviction is identified in this manner, the categorical approach is then applied to that crime to determine whether it is a CIMT. *See id.*

Here, the IJ concluded that Garcia's convictions were CIMTs without discussing the statutes under which Garcia was convicted or determining whether the categorical or modified categorical approach applied. Likewise, all the BIA included to support its finding that Garcia's crimes were CIMTs was a single sentence and a string of citations to cases that, as we discuss below, do not fully support its findings. The BIA's reasoning thus was too cursory to support its conclusion that Garcia's convictions were CIMTs. *See Johnson v. Ashcroft*, 378 F.3d 164, 169 (2d Cir. 2004) ("The BIA is required to follow the law, including . . . BIA precedents . . . .").

### A. Theft of Services

It is not clear that theft of services under N.Y.P.L. § 165.15(3) is a CIMT. Here, the agency concluded N.Y.P.L. § 165.15(3) was a CIMT merely by citing *Matter of Jurado*, 24 I. & N. Dec. 29, 33 (BIA 2006), for the proposition that theft and larceny offenses involve moral turpitude. *See* 24 I. & N. Dec. at 33–34 (holding that retail theft under Pennsylvania law is a CIMT because it "requires proof that the person took merchandise offered for sale by a store without paying for it and with the intention of depriving the store

5

owner of the goods"). The BIA never compared the Pennsylvania statute at issue in *Jurado* with N.Y.P.L. § 165.15(3), nor did it address whether turnstile jumping also requires a permanent taking or whether a theft that does not involve a permanent taking constitutes a CIMT. Accordingly, "we remand the case to the BIA to consider, in the first instance" whether theft of services in violation of N.Y.P.L. § 165.15(3) is categorically a CIMT. *Butt v. Gonzales*, 500 F.3d 130, 131 (2d Cir. 2007).

### B. Petit Larceny

The BIA's CIMT analysis of Garcia's petit larceny offense is similarly flawed. That analysis also relied on *Jurado* for the proposition that theft and larceny involve moral turpitude. Once again, the BIA did not compare the Pennsylvania retail offense implicated in *Jurado* to N.Y.P.L. § 155.25, or analyze the text of the New York statute to determine whether petit larceny requires the intent to take property permanently. And, as with theft of services, it is not clear whether petit larceny is a CIMT. Although we have observed that the crime of petit larceny has historically been considered a CIMT, *Brett v. INS*, 386 F.2d 439, 439 (2d Cir. 1967), we have said that, under BIA precedent, "not all larcenies are CIMTs," because larceny constitutes a CIMT "only when a permanent taking is intended." *Wala*, 511 F.3d at 106 (internal quotation marks omitted). We also note that the BIA recently held in an unpublished decision that a petit larceny conviction under N.Y.P.L. § 155.25 categorically involves moral turpitude because "New York case law . . . expressly states that the intent to permanently deprive, or virtually permanently deprive, the owner of his or her property is necessary to sustain a petit larceny conviction." *Matter of Rafael*

6

*Eduardo Gonzalez Pena*, 2016 WL 1722550, at \*2 (BIA Mar. 30, 2016). Since that decision was unpublished, however, we do not defer to it. *See Rotimi v. Gonzales*, 473 F.3d 55, 56 (2d Cir. 2007). Thus, a remand is likewise warranted for the BIA to consider whether petit larceny is a CIMT or to apply an intervening decision in the case we remanded for the same purpose in *Obeya v. Holder*. 572 F. App'x 34, 35 (2d Cir. 2014) (summary order) ("[W]e remand for the BIA to determine in the first instance whether Obeya's conviction under N.Y.P.L. § 155.25 constitutes a CIMT.").

### C. Attempted Assault

The BIA's CIMT analysis of Garcia's attempted third-degree assault conviction is flawed for a different reason: it is not clear that it was established that his conviction was under subpart one of N.Y.P.L. § 120.00. This matters because subpart one is the only portion of that provision that the BIA has previously determined constitutes a CIMT. *See Matter of Solon*, 24 I. & N. Dec. 239, 245 (BIA 2007). At the removal proceedings, the IJ asked Garcia, "is it also true you were convicted of attempted assault in the third degree . . . and that was under Subdivision (1)?" Garcia responded, "Yeah, I got into a fight. Nothing violent. Just a fight." App'x at 103. That concession is too vague to confirm that his conviction was under subpart one. Nor does the record of conviction clarify the matter. First, the certificate of disposition does not specify any subpart. Second, although the rap sheet states that the conviction was under subpart one, a rap sheet alone is not conclusive proof of a conviction. *See Francis v. Gonzales*, 442 F.3d 131, 142–43 (2d Cir. 2006). Accordingly, the combination of Garcia's testimony and the record of conviction does not

7

necessarily support the conclusion that Garcia was convicted under N.Y.P.L. § 120.00(1). Thus, remand is warranted for the BIA's further consideration of whether Garcia was convicted under N.Y.P.L. § 120.00(1), and, if necessary, whether a conviction under another subsection constitutes a CIMT.

**III.    Relating to a Controlled Substance**

The government argues that the BIA affirmed the IJ finding that Garcia was removable under the provision of the INA stating that an alien is removable if he was "convicted of a violation . . . relating to a controlled substance," 8 U.S.C. § 1227 (a)(2)(B)(i), when the BIA "affirm[ed] the holding that the DHS . . . established removability as charged." App'x at 4. In the alternative, the government argues that Garcia waived any challenge to removability on this ground because he did not raise the issue in his opening brief, and that "there can be no argument that a conviction for attempting to sell a controlled substance does not 'relate' to a controlled substance offense." *Resp't's Br. at 25.*

This is unpersuasive. First, it is true that we do not generally consider arguments raised for the first time in reply briefs, *see Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001), but this rule is not jurisdictional, *see United States v. Barnes*, 158 F.3d 662, 672 (2d Cir. 1998). Additionally, none of the concerns animating that rule are implicated here. For one, there is no reason that the government would be prejudiced by not having an opportunity to respond to this argument because the government discusses the argument in its brief. Moreover, neither the IJ nor the BIA discussed whether Garcia

8

was removable under 8 U.S.C. § 1227 (a)(2)(B)(i) in its opinion, so there is good reason to be concerned that Garcia—as he claims in his reply brief—was not on notice that this was a ground on which the IJ deemed him removable.

Even if the BIA did find that Garcia's PCP conviction "relat[ed] to a controlled substance," the BIA did not properly consider the issue. We have held that "N.Y.P.L. § 220.31 defines a single crime and is therefore an 'indivisible' statute." *Harbin*, 860 F.3d at 61. To determine whether an alien is removable because of a conviction under an indivisible state statute, an agency applies the "categorical approach." *Id.* The BIA thus could not have properly come to the conclusion that Garcia is removable under 8 U.S.C. § 1227 (a)(2)(B)(i) without analyzing whether Garcia's conviction categorically is a conviction "relating to a controlled substance." *See Mellouli v. Lynch,* 135 S. Ct. 1980, 1987–89 (2015). We also note that it is not true that there is "no argument" that a conviction under this statute is not one relating to a controlled substance offense. *See Swaby v. Yates*, 847 F.3d 62, 65–66 (1st Cir. 2017). Still, we think it best to leave consideration of this issue in the first instance to the BIA given its expertise in construing its own statute and our belief that doing so is generally "the wiser and more prudent course." *See James v. Mukasey*, 522 F.3d 250, 256 (2d Cir. 2008).

**IV.    212(c) waiver**

To be eligible for a § 212(c) waiver for a pre-1997 conviction, a noncitizen must be a lawful permanent resident with a lawful domicile for at least seven continuous years, and not have been convicted of an aggravated felony for which he or she has served a term of

9

imprisonment of at least five years. *See United States v. Gill*, 748 F.3d 491, 498, 503–04 (2d Cir. 2014); *see also INS v. St. Cyr*, 533 U.S. 289 (2001). Garcia is eligible for a § 212(c) waiver for his drug conviction because he pleaded guilty in 1993, was placed in removal proceedings after 1997, and was sentenced to only 18 months to 3 years of imprisonment.[1] Accordingly, if the BIA finds that Garcia's other convictions do not constitute two or more CIMTs, the agency must also address whether Garcia warrants a § 212(c) waiver as a matter of discretion. *See Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505 (2d Cir. 2006).

For these reasons, we VACATE the BIA's order of removal and REMAND for further proceedings consistent with this order. Garcia's outstanding motion to remand is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Before the BIA, Garcia did not argue that his September 1996 and December 1996 convictions for theft of services were eligible for a 212(c) waiver. Thus, this claim is unexhausted. Although not jurisdictional, issue exhaustion is mandatory. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 (2d Cir. 2007); *see also Foster v. I.N.S.*, 376 F.3d 75, 78 (2d Cir. 2004) ("To preserve a claim, we require petitioner to raise *issues* to the BIA in order to preserve them for judicial review." (internal quotation marks omitted)). Accordingly, we do not consider whether those convictions are eligible for a 212(c) waiver.